Mario DOMINGUEZ CARRILLO, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 07–70402.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

Mario Dominguez Carrillo, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Mario Dominguez Carrillo, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision granting him voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

Contrary to Dominguez Carrillo's contention, his attorney did not request a continuance at his August 11, 2005, hearing in order for any U visa application to be processed. As the record does not indicate a request for a continuance, Dominguez Carrillo's due process contention fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

Dominguez Carrillo conceded before the agency, and in his opening brief, that he has no qualifying relative for purposes of cancellation of removal, so he is statutorily ineligible for this form of relief. *See* 8 U.S.C. § 1229b(b)(1).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).